**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENG CHHUN, | No.    18-72340 |
| Petitioner, | Agency No. A094-833-083 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
Pasadena, California

Before:  KELLY,[***] GOULD, and R. NELSON, Circuit Judges.

Petitioner Eng Chhun petitions for review of the Board of Immigration

Appeals' (Board) denial of his motion to reopen his petition seeking deferral of

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

removal under the Convention Against Torture (CAT). This court previously denied review of the Board's decision affirming the Immigration Judge's denial of his request for asylum and withholding of removal. *Chhun v. Holder*, 345 F. App'x 297 (9th Cir. 2009).

## STANDARD OF REVIEW

"We review the Board's denial of a motion to reopen for abuse of discretion, but review purely legal questions de novo." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). The Board abuses its discretion when its denial is "arbitrary, irrational, or contrary to law." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). We have jurisdiction to review the Board's denial of *sua sponte* reopening only where the petitioner challenges the legal premise of the denial. *Bonilla*, 840 F.3d at 588.

## DISCUSSION

The parties are familiar with the facts and procedural history, so we need not restate them here. Mr. Chhun makes two arguments on appeal. First, he argues that the Board erred by requiring him to demonstrate changed country conditions to succeed on his motion to reopen. Second, he argues that the Board abused its discretion in denying his motion to reopen because it was based on new evidence and he presented a prima facie claim of entitlement to CAT protection.

**A. Changed Country Conditions Requirement**

2

Mr. Chhun argues that the imposition of a changed country conditions requirement on motions to reopen CAT claims violates CAT and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA). FARRA implements CAT, and both prohibit removal where there are substantial grounds to believe the removed person will be subject to torture.

In general, a motion to reopen a Board decision must be filed within 90 days of the final administrative decision. 8 C.F.R. 1003.2(c); *see also Meza-Vallejos v. Holder*, 669 F.3d 920, 924 (9th Cir. 2012). However, this time limit does not apply to motions to reopen asylum or withholding of deportation claims "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Although this provision refers only to motions to reopen asylum and withholding of deportation claims, we have held that 8 C.F.R. § 1003.2(c) also applies to motions to reopen CAT claims. *See Agonafer*, 859 F.3d at 1203–04; *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).

Mr. Chhun argues that the application of these limitations to motions to reopen CAT claims violates CAT and FARRA. This argument lacks merit. Contrary to Mr. Chhun's contention, "the CAT is not violated by the imposition of 'reasonable procedural requirements' on the adjudication of a petitioner's claims."

3

*Go*, 744 F.3d at 608. We have consistently rejected the notion "that there cannot be any 'regulatory limitation' on motions to reopen under the CAT" and have held that the procedural requirements of 8 C.F.R. § 1003.2(c)(2) apply to motions to reopen CAT claims. *Go*, 744 F.3d at 607–08; *Agonafer*, 859 F.3d at 1203–04. Accordingly, the Board did not err in applying these requirements to Mr. Chhun's motion to reopen, which was filed over a decade after the final administrative decision in his case, and the petition for review is denied as to this claim.

Mr. Chhun also argues that *sua sponte* reopening under 8 C.F.R. 1003.2(a) is required whenever a petitioner makes a prima facie claim for eligibility for CAT protection. However, the decision to reopen *sua sponte* is committed to the Board's discretion and parties' written requests to reopen are subject to the timeliness requirements of Section 1003.2(c), as discussed above. To the extent that Mr. Chhun argues that the Board should have exercised its discretion to reopen his case *sua sponte* despite his failure to satisfy the requirements of Section 1003.2(c), this court lacks jurisdiction over such a claim. *See Bonilla*, 840 F.3d at 588; *see also Lona v. Barr*, 958 F.3d 1225, 1232–35 (9th Cir. 2020). Accordingly, the petition for review is dismissed as to this claim.

## B. Denial of the Motion to Reopen

Mr. Chhun argues that the Board abused its discretion in denying his motion to reopen because he presented new, material evidence establishing a prima facie

claim for CAT protection.  As discussed above, because Mr. Chhun's motion was untimely, he was required to proffer evidence reflecting changed country conditions in Cambodia affecting his eligibility for CAT protection.  *See Agonafer*, 859 F.3d at 1203–04.  The Board found that Mr. Chhun failed to do so and this finding is supported by the record.  Accordingly, the Board did not abuse its discretion in denying Mr. Chhun's motion to reopen as untimely and the petition for review is denied as to this claim.

**DENIED IN PART; DISMISSED IN PART.**